ORDER SUPPLEMENTING DISSENTING OPINION

DARELL R. MATLOCK, JR., Chief Justice.
This supplement to The Dissenting Opinion filed on March 7, 2006 by Chief Justice Darrell R. Matlock, Jr. is to clarify the dissent’s position concerning “citizens by adoption.”
On pages 7 and 8 of the majority opinion Justice Leeds in essence makes a judicial finding that the Delaware Cherokees, Shawnee Cherokees and Cherokee Freedmen were all citizens by adoption on the eve of the approval of the 1975 Cherokee Nation Constitution. Justice Dowty in his opinion found at page 23 of the majority opinion concurs in that finding. There can be no doubt that each of these ethnic groups were citizens by adoption prior to 1975 because of express acts of the Cherokee Nation prior to the 1975 Cherokee Nation Constitution.
On page 15 of the majority opinion Justice Leeds makes a finding that the drafters of the 1975 Constitution were well-educated and some were attorneys. Although, this finding is outside the evi-dentiary record it would appear from the language of the 1975 Cherokee Nation Constitution that legal scholars had a hand in drafting the 1975 Cherokee Nation Constitution language. Those legal scholars would have known and did express four important principles in drafting the 1975 Cherokee Nation Constitution.
1. That the 1975 Cherokee Nation Constitution was not an amendment to the 1839 Cherokee Nation Constitution, but, was meant to replace or supersede the 1839 Cherokee Nation Constitution and it was so expressed by the 1975 Constitutional framers in Article XVI of the 1975 Cherokee Nation Constitution.
“The provisions of this Constitution overrule and supersede the provisions of the Cherokee Nation Constitution enacted the 6th day of September 1839.”
All three Justices herein agreed the case of DeMoss V. Jones, JA T 96-0.1 is precedent for this legal conclusion and the Court in that unanimous decision stated:
“The 1975 Constitution of the Cherokee Nation of Oklahoma, totally, completely and unconditionally replaces the 1839 Constitution of the Cherokee Nation of Oklahoma in its entirety and none of the provisions of the 1839 Constitution remain in force or in effect.” (emphasis added)
2. That the 1975 Cherokee Nation Constitution would define the new citizenship of the Cherokee Nation.
3. That just prior to the acceptance of the 1975 Cherokee Nation Constitution there were two classifications of citizenship, those being “Cherokee by blood” and those ethnic groups characterized “by adoption”, as was pointed out hereinbefore *38 by all three justices participating in this opinion.
4. That adoption is an express act and is not and can not be inferred or presumed. English dictionaries define “adopt” as to take by choice and/or to accept formally (emphasis added)
The framers, of the 1975 Cherokee Nation Constitution, while being cognizance of the four principles set forth herein, found it necessary to expressly include those adopted ethnic groups that were chosen by the Cherokee People to be included in the citizenship under the 1975 Cherokee Nation Constitution. This is the only logical conclusion that can be drawn from the framers finding it necessary to expressly include the Delaware and Shawnee and not the Freedmen.
My colleagues have failed to explain how the Freedmen’s adoptive citizenship survived the total change in the Cherokee Constitutions when the Delaware and the Shawnee adoptive citizenship did not, which necessitated the express language of the re-adoption of the Delaware and the Shawnee citizenship found in the 1975 Cherokee Nation Constitution.
The majority opinion rendered by this Court on March 7, 2006 has chosen to ignore the plain simple language of the 1975 Cherokee Constitution as a whole and the legal perimeters set by previous Judicial Appeals Tribunal decisions. This abrogation of the Cherokee People’s intent sends a chilling message to the Native Americans who have maintained the struggle to preserve their Native American identity.